**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| THERESE VERONICA NATTY, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 2:12-CV-00073-RWS-JCF |
| | : | |
|     v. | : | |
| | : | |
| JAILER OFFICER MORGAN, | : | PRISONER CIVIL ACTION |
| DISTRICT ATTORNEY BAGGARD, | : | 42 U.S.C. § 1983 |
| SHERIFF STEVE CRONIC, | : | |
| OFFICER STROUTS, | : | |
| LT. MECHIMINO, | : | |
| CORPORAL JAMES, | : | |
| DR. LINWOOD ZOLLER, | : | |
| SERGEANT ASHLEY, | : | |
| NURSE JODY, | : | |
| SERGEANT NEICE, | : | |
| CAPTAIN BANDY, | : | |
|     Defendants. | : | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

After a long history, during part of which Plaintiff was represented by counsel, the Court allowed Plaintiff's claims to proceed on February 20, 2014 while informing her that as a non-prisoner who is not proceeding *in forma pauperis* she is responsible for service of process upon the Defendants.[1]  (Doc. 55).  The 120-day time period

---

[1] The Court had appointed counsel for Plaintiff while she was incarcerated and showed signs of mental disturbance, but counsel was allowed to withdraw after Plaintiff moved to California. In granting counsel's motion to withdraw, the Court noted that "[t]he record does not support Plaintiff's claim of mental incompetence." (Doc. 53 at 1 (citing Doc. 25 at 1 ("On July 31, 2012, a forensic psychiatrist at the Georgia Regional Hospital evaluated [Plaintiff] and found her fit to

provided in Federal Rule of Civil Procedure 4(m) for Plaintiff to effect service expired on June 20, 2014.

On June 27, the Court denied Plaintiff's motion for appointment of counsel and ordered her to show proof of service on the record within 20 days or show cause why the case should not be dismissed. (Doc. 62). On July 1, Plaintiff submitted a motion for reconsideration of the order denying her motion for appointment of counsel because of her alleged mental problems—post-traumatic stress disorder and major depression. (Doc. 64). Also on July 1, Plaintiff explained that there had been delays in her receipt of the Court's mail to her and that she had just then placed in the mail a copy of her complaint and other items to the attorneys for Sheriff Cronic and Dr. Zoller and to "all of the Defendants." (Doc. 65). On July 28, the Clerk docketed Plaintiff's second copy of her certificate of service addressed to the attorneys for Cronic and Zoller. (Docs. 66, 67).

It is apparent that Plaintiff has not properly served any named Defendant in this action, including Sheriff Cronic and Dr. Zoller. *See* FED. R. CIV. P. 4(c) (allowing for personal service of a summons and complaint on a defendant by a "person who is at least 18 years old and not a party" to the action); FED. R. CIV. P. 4(d)(1)(A)-(G)

---

stand trial on her state criminal charges.")))

2

(setting forth the requirements for notifying "a defendant that an action has been commenced and request[ing] that the defendant waive service of a summons"). Simply mailing a complaint to a Defendant's attorney satisfies neither of these requirements. "Actual notice of a suit does not dispose of the requirements of service of process." *Boston v. Potter*, 185 Fed. Appx. 853, 854-55 (11th Cir. 2006) (citing *Manufacturers Hanover Trust Co. v. Ponsoldt*, 51 F.3d 938, 940 (11th Cir. 1995), and concluding that district court did not abuse its discretion in denying plaintiff an extension under Rule 4(m) for service of process and dismissing her complaint despite the possibility that the statute of limitations had expired).

In light of Plaintiff's persistent failure to comply with the Federal Rules of Civil Procedure, **IT IS RECOMMENDED** that her motion for reconsideration (Doc. 64) and emergency motion for the United States Marshal's Service to serve her complaint (Doc. 68) be **DENIED**[2] and that this action be **DISMISSED without prejudice.** *See*

---

[2] *See Nappi v. Welcom Prods.*, No. 8:13-cv-3183-T-33TGW, 2014 U.S. Dist. LEXIS 68493, at *5 (M.D. Fla. May 19, 2014) (declining to appoint a U.S. Marshal for service of process and noting that "although [Federal] Rule [of Civil Procedure] 4(c)(3) . . . gives the Court discretion to order the United States Marshal to serve civil process, the Advisory Committee Notes state that appointment of the United States Marshal is generally proper when it is necessary to keep the peace, a circumstance not present in the instant case" (internal quotations omitted)); *see also* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specifically appointed by the court. The Court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.").

*Marcus v. Postmaster Gen'l., U.S. Postal Serv. Southeast Area*, 460 Fed. Appx. 820, 823 (11th Cir. 2011) (noting Rule 4(m) only allows dismissal without prejudice).

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED** this 12th day of August, 2014.

 /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge
